[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO QUASH SUBPOENA OF HOCKENBERRY REPORT
Defendant General Motors Corporation has served a subpoena duces tecum on counsel for parties who were once, but are no longer, defendants in the product liability case captioned above. General Motors seeks to compel attorney Christopher J. Lynch to produce the report of an expert witness who examined the vehicle claimed to have been a defective product. That person, Terrence O. Hockenberry, examined the vehicle at issue on behalf of Attorney Lynch's clients and issued a report of his findings. Mr. Hockenberry has since died.
Attorney Lynch has moved to quash the subpoena but has not appended the subpoena to the motion, nor has he set forth in his motion the text of the subpoena that defines the material that General Motors has identified for production at the deposition. In its objection, General Motors states that it seeks "the Hockenberry Report in its entirety."
Practice Book § 13-4(2) provides that a party may discover facts known or opinions held by an expert who has been retained in anticipation of litigation or in preparation for trial who is not expected to be called as a witness at trial "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."
General Motors is extremely vague as to the subject at issue. In its opposition to the motion to quash, it states that at a deposition, Attorney Lynch asked a police officer who had inspected the Jones vehicle, Detective Schroeder, to comment on a battery cable identified as "Exhibit M." General Motors indicates that this deponent was unsure whether that exhibit was the same battery cable that he had removed from the car at some undisclosed time and whether it was in the same condition as the cable he removed. General Motors represents that Detective Schroeder compared Exhibit M to a photograph of a battery cable identified at the deposition as "Photograph No. 31." This court has no indication what Exhibit M actually is or will be claimed to be or whether Photograph No. 31 is claimed to be a photograph of the cable that was actually in the Jones vehicle. All that CT Page 3695 General Motors has demonstrated is that one witness could not identify an exhibit at a deposition.
General Motors asserts that Detective Schroeder's inability to identify Exhibit M or to confirm that it is the battery cable depicted in a photograph that has not been identified as having been taken before he removed the battery cable from the plaintiff's car means that there is an issue of alteration of the battery cable that Hockenberry's report can uniquely resolve.
The movant has represented to this court that General Motors not only had an "opportunity" to inspect the Jones vehicle, but that it in fact had the vehicle inspected by experts prior to Mr. Hockenberry's inspection. General Motors has not denied this representation, nor has it in any straightforward manner stated that it has no photograph of the battery cable as it appeared prior to its removal or that the persons who examined the vehicle on behalf of General Motors or other persons are unable to testify as to the condition of the cable before its removal or any time prior to the presentation of Exhibit M to Detective Schroeder at his deposition.
General Motors has not shown that information concerning the condition of the battery cable before or upon its removal from the car is unavailable to it from sources other than an intrusion on the work product of another lawyer.
Neither "exceptional circumstances" nor "impracticability" have been established. If Exhibit M is claimed to be the cable, and if the photograph identified at the Schroeder deposition or some photograph taken at the time of General Motor's own inspection is authenticated as representing the way the cable looked before its removal, General Motors certainly has the means to address the issue, if it even is an issue relevant to the claims. General Motors has not denied that it had its own inspection performed nor explained why that inspection or evidence available from the police is insufficient.
CONCLUSION
General Motors has not demonstrated that the conditions exist that justify granting it access to the report of an expert retained by another party who will not be presented as a trial witness. The motion to quash the subpoena directed to Attorney Lynch is granted. CT Page 3696
Beverly Hodgson Judge of the Superior Court